| Minute Order Form (0/97) | United States District Court, Northern District of Illinois | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
| **CASE NUMBER** | 01 C 1946 | **DATE** | 5/5/2004 |
| **CASE TITLE** | ANGEL COSME vs. AMERITECH C777, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion for Summary Judgment (doc. #13)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendants' Motion for Summary Judgment (do. #13) is GRANTED. Enter Memorandum Opinion and Order. All pending dates and motions are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 0 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 24 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| JHC | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANGEL COSME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 01 C 1946 |
| ) | |
| AMERITECH C777, INC., AMERITECH ) | Judge William J. Hibbler |
| CORPORATION, AMERITECH ) | |
| COMMUNICATIONS, INC., AMERITECH ) | |
| HEALTH CONNECTIONS, INC., ) | |
| AMERITECH SERVICES, INC., AMERITECH ) | |
| INTERNATIONAL, INC., ) | |
| ) | |
| Defendants. ) | |

DOCKETED
MAY 0 6 2004

## MEMORANDUM OPINION AND ORDER

### I. Facts

Between approximately 1977 and 1997, Plaintiff, Angel Cosme, had been employed by Illinois Bell Telephone Company, a subsidiary of Ameritech Corporation ("Ameritech"), as a Customer Systems Technician, a non-salaried position. On April 26, 1997, Cosme suffered severe injuries when a vehicle crashed into his home and pinned him between the vehicle and the refrigerator. Cosme applied for and received fifty-two weeks of short-term disability benefits under Ameritech's Sickness and Accident Disability Plan following the incident. Cosme's short-term benefits expired on May 7, 1998; and on June 12, 1998, the Ameritech Disability Service Center informed Cosme that he might be eligible for long-term disability benefits under the Ameritech Long Term Disability Benefit Plan ("LTD Plan") as of May 8, 1998. On July 1, 1998, Cosme submitted his application for LTD benefits. During the time period at issue, Ameritech was the plan sponsor

and administrator of the LTD Plan.

A non-salaried employee is disabled under the LTD Plan and eligible for benefits if, after the exhausting short term disability benefits, he has:

> an illness or injury, other than accidental injury arising out of and in the course of employment by the Company, or Participating Company, supported by objective medical documents, that prevents the Eligible Employee from engaging in any occupation or employment (with reasonable accommodation as determined by the Company or its delegate), for which the Eligible Employee is qualified, or may reasonably become qualified, based on training, education or experience. An employee shall continue to be considered disabled if prevented by reason of such illness or injury, supported by objective medical documentation, from working at a job which pays wages which, when combined with benefits payable from the Plan, equal less than 75% of the Eligible Employee's Base Pay at the time the Disability occurred.

If the eligible employee is found disabled beyond the period for short-term disability, "the plan shall provide, for the period during which benefits are provided by the Plan, an amount of monthly benefit which when added to amounts paid or payable form the following sources equals 50% of Base Pay . . ."

The eligibility of an employee for the LTD Plan is determined by the Ameritech Employees' Benefit Committee ("EBC"). The EBC has the power to "grant or deny claims for benefits under the Plan and authorize benefit payments pursuant to the Plan;" to "serve as the final review committee, under the Plan and ERISA, for the review of all appeals by individuals whose claims for benefits have been denied in whole or part;" and has "full discretionary authority to interpret the terms of the Plan and to determine eligibility for an entitlement to Plan benefits in accordance with Plan terms."

On July 16, 1998, shortly after Cosme applied for LTD benefits, the LTD Supervisor, Debbie Reeder, contacted Cosme's treating physicians, Dr. Stamelos and Dr. Chioros, requesting that they

2

provide all "office notes, test results from all treatment at your facility from the period of February 1998 to present," including any work restrictions they imposed on Cosme. Reeder subsequently obtained a transferable skills analysis ("TSA") for Cosme, which concluded that Cosme was not able to perform his previous job as a Customer Systems Technician. The analysis also found that based on Cosme's training, education, and experience, he was capable of performing at least ten alternative occupations, for which at least two employers in Cosme's geographic vicinity would have paid Cosme $10.65 or more per hour, and thus more than allowed to qualify for the LTD plan. Cosme's claim for LTD benefits was thereafter denied on September 25, 1998.

Reeder advised Cosme that he had a right to appeal the denial of benefits to the EBC, and Cosme timely submitted a written request for reconsideration of the denial of his LTD claim, together with additional medical records, on November 17, 1998. After receiving Cosme's appeal, the EBC notified him that he had a final opportunity to submit any additional clinical documentation to support his claim by December 15, 1998. After considering the evidence and obtaining an additional opinion from an independent physician advisor, Dr. David Trotter, the EBC denied Cosme's appeal on February 19, 1999. The EBC notified Cosme that under the terms of the LTD Plan, the decision of the EBC was final.

Subsequently, on February 16, 2001, Cosme filed the instant action against Ameritech C777, Inc., Ameritech Corporation, Ameritech Communications, Inc., Ameritech Health Connections, Inc., Ameritech Services, Inc., and Ameritech International, Inc. (collectively, "Defendants"), claiming that he had been wrongfully denied disability benefits under the LTD Plan. On August 27, 2002, Cosme requested that the EBC reconsider the denial of his LTD benefits claim. In response, the LTD plan administrator obtained a supplemental labor market survey that revealed at least four

service dispatcher jobs that Cosme could have performed that would have earned him enough pre-disability base pay to exclude him from the LTD plan. Defendants filed the summary judgment motion at issue on December 11, 2003.

This action arises under the Employee Retirement Income Security Act of 1973, 29 U.S.C. §§ 1001, *et seq.*, ("ERISA"), as Cosme claims that he was wrongfully denied benefits provided by an employee welfare benefit plan, the LTD Plan. 29 U.S.C. § 1132 (a)(1)(B).

## II. Legal Standard

The Court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate specific facts showing that there is a genuine [material] issue for trial." *Anderson*, 477 U.S. at 248. In its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996).

The Court will grant summary judgment in this case only if there is no genuine issue of material fact that the EBC's decision to deny LTD benefits was not arbitrary and capricious. After

4

separate briefing by the parties on the standard of review, on June 6, 2002, this Court ruled that the standard of review of the EBC's administrative proceedings is arbitrary and capricious. *See, e.g., Olander v. Bucyrus-Erie Co.*, 187 F.3d 599, 607 (7th Cir. 1999). In explaining this standard, the Seventh Circuit held that a discretionary benefit decision: "will be sustained if reasonable," *id.* at 604; "will be overturned only if it constitutes abuse of discretion;" *id.* at 606; and "will be reversed only if . . . [the fiduciary's] determinations were not just clearly incorrect but downright unreasonable." *Id.* at 607. On deferential review, the issue is not whether the balance of evidence in the medical records favors the plaintiff's position. *Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 409 (7th Cir. 2004). "The insurer's decision prevails if it has rational support in the record." *Id.* "ERISA does not require a 'full-blown' investigation, but it does demand a 'reasonable inquiry' into a claimant's medical condition and his vocational skills and potential." *O'Reilly v. Hartford Life & Accident Ins. Co.*, 272 F.3d 955, 961 (7th Cir. 2001) (citing *Quinn v. Blue Cross & Blue Shield Assoc.*, 161 F.3d 472, 476-77 (7th Cir. 1998)).

**III.    Analysis**

Defendants state that their decision to deny LTD benefits to Cosme was not arbitrary and capricious. Defendants claim they came to their decision to deny LTD benefits after they reasonably relied upon reports and restrictions from Dr. Stamelos, Cosme's orthopedic surgeon, and from Dr. Chioros, Cosme's podiatrist. Based on this evidence, Defendants first found that Cosme was capable of performing sedentary and light duty work. Next, Reeder obtained a TSA, dated August 27, 1998; and a labor market survey, dated September 10, 1998. Based on this, Reeder found that Cosme had the training, education, or experience to perform at least ten sedentary/light duty jobs that existed in the labor market; that were within his medical and geographical restrictions; and that paid at least

50% of his pre-disability base pay. An employee is qualified for the LTD Plan only if his illness or injury prevents him from engaging in *any* occupation or employment for which he is qualified, or may reasonably become qualified, based on training, education or experience. Therefore, Reeder found that Cosme was not disabled as defined by the LTD Plan.

The reports and restrictions from Dr. Stamelos and Dr. Chioros, the TSA, and the labor market survey, in addition to an opinion from an independent orthopedic surgeon, were part of the administrative record reviewed by the EBC in Cosme's appeal. After a review of the administrative record, the EBC denied Cosme's appeal. In Cosme's post-suit request for reconsideration, the LTD plan administrator obtained a supplemental labor market survey and found that at the time Cosme applied for LTD benefits, he could perform other jobs that would have earned him 50% or more of his pre-disability pay.

Cosme, however, claims that the EBC's determination that Cosme was not disabled as defined by the LTD Plan was arbitrary and capricious. Cosme claims that Defendants: (1) failed to fully evaluate all medical evidence and restrictions, including a report by Cosme's vocational expert, Judith Sher, stating that Cosme would not be able to earn 50% of his pay with his work restrictions; (2) ignored various recommendations from some of Cosme's treating physicians and failed to investigate the findings of others; and (3) failed to contact the neurologists treating Cosme for post-concussion syndrome.

First, Cosme asserts that Defendants unreasonably failed to contact Dr. Chioros after being made aware in June 1999 that he diagnosed Cosme with reflex sympathy dystrophy ("RSD") and opined to the permanency of that condition. Defendants actions here, however, were not unreasonable. Reeder's notes indicated that she spoke with Dr. Chioros, and that he felt there were

6

no restrictions based on his treatment of the patient. Although Dr. Chioros states in his deposition that he never had any contact with Cosme's "employer," Dr. Chioros' deposition was not part of the administrative record reviewed by the EBC. Furthermore, the EBC denied Cosme's appeal on February 19, 1999, and therefore, the June 1999 diagnosis was also not part of the record reviewed by the EBC. "Deferential review of an administrative decision means review on the administrative record." *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 982 (7th Cir. 1999). The Seventh Circuit has never allowed parties to take discovery and present new evidence in ERISA cases where the question is whether a decision is arbitrary and capricious. *Id.* "[W]hen review under ERISA is deferential, courts are limited to the information submitted to the plan's administrator." *Id.* Moreover, Defendants reviewed Dr. Chioros' report, and Cosme had several opportunities to supplement the administrative record with further reports. Defendants were not required to request further examination. *See, e.g., Garg v. Employee Benefits Admin. Comm.*, No. 01-1484, 2002 WL 31769473, at *3 (7th Cir. 2002) ("Where, as here, a plan administrator has sufficient evidence from the claimant in the record to make a reasonable decision to deny disability benefits, there is no further obligation to inquire.")

Second, Defendants' decision not to contact Cosme's neurologist with regard to his alleged post-concussion syndrome was not arbitrary and capricious. Dr. Stamelos referred to the post-concussion syndrome in his reports, and he decided that Cosme should have certain light duty restrictions based on that. Although Dr. Stamelos stated that he will defer to Cosme's neurologist for future prognosis and treatment of the post-concussion syndrome, Dr. Stamelos' opinion was based on Cosme's status at the time he applied for LTD benefits. Not only were future neurologist reports not part of the administrative record, Cosme had ample opportunity to provide the Plan

administrator with reports from his neurologist, but he did not do so. When his claim was denied, Cosme was advised that he could appeal the denial to the EBC and submit "any medical records or written statements which [he] or [his] health care provider [felt] support[ed] the presence of a totally disabling medical condition." When the LTD Plan received Cosme's appeal, it again advised him that he had a final opportunity to submit additional medical documentation to support his claim. However, Cosme never submitted any additional records or reports from Dr. Chioros or his neurologist.

Third, Judith Sher's vocational evaluation was prepared on May 25, 2000, more than a year after the denial of Cosme's appeal, and thus it is also not part of the administrative record reviewed by the EBC. Although Cosme filed a motion for reconsideration in August 2002, this motion necessarily asks for reconsideration of the EBC's prior decision, based on the administrative record as it stood before the EBC at that time, in February 1999. Cosme cannot repeatedly supplement the administrative record with motions for reconsideration. Cosme's condition may change over time, and it likely did in the two and a half years between the EBC's decision on appeal and the motion for reconsideration. Therefore, reports and evaluations obtained by Cosme after the EBC's decision are not part of the administrative record, and it was not arbitrary and capricious for Defendants not to review them.

Thus, Defendants have shown that they conducted a reasonable inquiry into Cosme's medical condition and his vocational skills. *O'Reilly*, 272 F.3d at 962. In *Quinn*, the benefits plan administrator's decision was arbitrary and capricious because he made no inquiry into the requirements of plaintiff's job or the jobs he assumed plaintiff could transfer to. 161 F.3d at 476-77. In *O'Reilly*, in contrast, the Seventh Circuit found the plan administrator's decision was reasonable

even though he did not conduct a TSA, and he relied on a vocational/rehabilitation consultant. *O'Reilly*, 272 F.3d at 962. The court held that it is sufficient that the administrator "identified the skills necessary to obtain another job and whether [the claimant] possessed those skills." *Id.* at 963. Defendants, in conducting a TSA and other market analyses and reviewing all the medical reports submitted on Cosme, did just that. "Where, as here, a plan administrator has sufficient evidence from the claimant in the record to make a reasonable decision to deny disability benefits, there is no further obligation to inquire." *Garg.*, 2002 WL 31769473, at *3.

## IV. Conclusion

Therefore, Defendants' Motion for Summary Judgment is GRANTED, as Cosme has failed to show that Defendants' decision to deny him LTD benefits was arbitrary and capricious.

IT IS SO ORDERED.

Dated: 5/5/04

William J. Hibbler, District Judge